OPINION OF THE COURT
Katherine A. Moloney, J.
Plaintiff sued defendant for $2,001.88, said sum representing charges for medical services rendered to defendant’s insured for which the defendant has refused to reimburse plaintiff. On December 28, 2012, the matter was arbitrated by attorneys for each of the parties. On January 2, 2013, the arbitrator rendered his decision which found in favor of the plaintiff in the amount of $2,001.88 together with interest from November 3, 2011. On February 6, 2013, the defendant filed a demand for trial de novo together with a jury demand. Via letter dated February 11, 2013, plaintiff opposed defendant’s demand for a trial de novo and jury demand on the grounds that the statutory time for which the losing party had to request a trial de novo expired. The defendant has filed a reply to plaintiffs opposition arguing that it was never served with a notice of filing of the arbitration award; thus defendant’s time to file a demand for trial de novo had not only not expired, but never even commenced.
A. Trial De Novo
“[I]n a de novo hearing the judgment of the trial court is suspended and [the reviewing court] determinéis] the case as though it originated in [the reviewing] court, and give[s] no attention to the findings and judgment of the trial court except as they may be helpful to us in the reasoning.” (Reck v Reck, 46 NE2d 429, 430 [1942], reh denied.)
A demand for trial de novo must be made “within 30 days after service upon such party of the notice of filing of the award with the appropriate court clerk, or if service is by mail, within 35 *1074 days of such service” (22 NYCRR 28.12), or the finding becomes final and binding.
Here, the arbitrator’s decision was rendered on January 2, 2013. The decision was filed with this court on February 20, 2013.* The plaintiff has provided no evidence it served upon the defendant a notice of filing of the award with the Court Clerk. Therefore, defendant’s demand for trial de novo (filed on Feb. 6, 2013) was in fact timely — as defendant’s time had not even begun to run. (See 22 NYCRR 28.12.)
B. Jury Trial Demand
Accompanied by its demand for a trial de novo, defendant filed a jury trial demand. The law provides that for the arbitration of certain claims, the rules must permit a jury trial de novo upon demand by any party following the determination of the arbitrators. (CPLR 3405.) Indeed, the rules, as promulgated, specifically provide that the trial de novo be accompanied by a demand for a trial with or without a jury. (22 NYCRR 28.12.)
These particular statutes are noteworthy here because on August 14, 2012, plaintiff filed a notice of trial without a jury. And while this defendant had 10 days after service of plaintiffs notice of trial to demand a jury trial (UCCA 1303 [a]), defendant never made such a demand thereby waiving its right to a jury trial under UCCA 1303 (b) — or seemingly waived it — as explained more fully below. (Also see CPLR 4102.)
However, while defendant may have waived his right to a jury trial under UCCA 1303 (b), both parties are awarded an encore with respect to their right to demand a jury trial when the matter is subject to mandatory arbitration. In particular, CPLR 3405 together with 22 NYCRR 28.12 specifically address the right to demand a jury trial in arbitration cases, whereas UCCA 1303 has more of a general applicability for all actions in City Court. As such, the strict timing requirements to request a jury trial (pursuant to UCCA 1303) are rendered virtually obsolete when the matter is subject to mandatory arbitration. (UCCA 1303.) In short, while the time to demand a jury trial expired under UCCA 1303 10 days after this plaintiff served its notice of trial, both parties’ right to demand a jury trial was revived when the arbitrator issued its final determination. (CPLR 3405; 22 NYCRR 28.12.)
Therefore, based upon all of the foregoing, it is ordered that defendant’s demand for a trial de novo is hereby granted; and it *1075 is further ordered, that defendant’s demand for a jury trial is granted.

 The arbitrator’s decision was signed and dated by the Arbitration Commissioner to the court on January 29, 2013.